SLOVAK BARON EMPEY MURPHY & PINKNEY, LLP
Thomas S. Slovak (CASB# 62815)
John O. Pinkney (CASB#162586)
Charles L. Gallagher (CASB# 167093)
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Tel: 760-322-2275
E-mail: sartain@sbemp.com
E-mail: pinkney@sbemp.com
E-mail: gallagher@sbemp.com

Attorneys for Plaintiff John P. Anderson, individually
and in his official capacity as a Sheriff of Madera County

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN P. ANDERSON, in his official capacity as the Sheriff of Madera County, and individually,<br><br>Plaintiff,<br><br>v.<br><br>JACK DURAN, JR., in his purported official capacity as Judge of the Picayune Rancheria of the Chukchansi Indians Tribal Court;<br>DONNA HOWARD, in her purported official capacity as Clerk of the Picayune Rancheria of the Chukchansi Indians Tribal Court;<br>THE PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a federally recognized Indian Tribe;<br>CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY, a wholly owned unincorporated entity of the Picayune Rancheria of the Chukchansi Indians;<br>CHUKCHANSI INDIAN HOUSING AUTHORITY, a wholly owned unincorporated entity of the Picayune Rancheria of the Chukchansi Indians; | CASE NO.  3:13-cv-04825-RS<br>[Action filed: 10-17-13<br>Case Assigned to: Hon. Richard Seeborg<br>Courtroom 3]<br><br>**[PROPOSED]**<br>**ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:     November 8, 2013<br>Time:    10:00 a.m.<br>Dept:     Courtroom 3 |

| | |
|---|---|
| 1 | REGGIE LEWIS, in his purported official capacities as chairman of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 2 | |
| 3 | |
| 4 | |
| 5 | CHANCE ALBERTA, in his purported official capacities as vice chairman of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 6 | |
| 7 | |
| 8 | CARL BUSHMAN, in his purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 9 | |
| 10 | |
| 11 | |
| 12 | IRENE WALTZ, in her purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 13 | |
| 14 | |
| 15 | LYNN CHENOT, in her purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 16 | |
| 17 | |
| 18 | |
| 19 | DAVID CASTILLO, in his purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; and |
| 20 | |
| 21 | |
| 22 | |
| 23 | MELVIN ESPE, in his purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians, a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority. |
| 24 | |
| 25 | |
| 26 | Defendants. |
| 27 | |
| 28 | |

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

The application of Plaintiff John P. Anderson ("Plaintiff" or "Sheriff") for a temporary restraining order and order to show cause why a preliminary injunction should not issue came before this Court for consideration on October 17, 2013.[1] Thomas S. Slovak of Slovak Baron Empey Murphy & Pinkney LLP, appeared on behalf of Plaintiff and moving party, John P. Anderson, in his official capacity as the Sheriff of Madera County and individually. Alex Lozada of Rosette LLP specially appeared on behalf of Defendants The Picayune Rancheria of the Chukchansi Indians ("Tribe"), Chukchansi Economic Development Authority ("CEDA") and Chukchansi Indian Housing Authority ("CIHA") and all of the individually named Defendants, collectively referred to as the "Lewis Faction", other than Defendants Duran and Howard. Lestor Marston of Rapport & Marston specially appeared on behalf of the Tribe and CEDA representing that his clients known as the Ayala Faction were the duly authorized Tribal Council and not the Lewis Faction. Attorney Marston also stated his special appearance on behalf of David Rapport representing Attorney Rapport to be counsel for CIHA. Melanie Daniel was admitted pro hac vice as co-counsel with Attorney Marston specially appearing and representing the same parties as Attorney Marston.

Oral notice and a copy of all pleadings having been provided to all appearing counsel and to counsel for the Reid Faction, (another group of Tribal members claiming to be the authorized representatives of the Tribe, CEDA and CIHA) and with proof of service of same also having been provided to non-appearing Defendants Duran and Howard, and upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TEMPORARY RESTRAINING ORDER application is GRANTED on the terms and conditions set forth below:

The Court may issue a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65. The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. F. John D. Brush & Co. 240 F. 3d 832, 839 n.7 (9th Cir. 2001)* Thus, in order to obtain a TRO, a plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in his favor; and (4) that an injunction is in the public interest.

---

[1] The hearing was recorded by a court reporter

*Winter v. Nat. Res. Def. Council, Inc. 555 U.S. 7, 20, (2008)* Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiff still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Coltrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).* "Serious questions are those which cannot be resolved one way or the other at the hearing on the injunction." *Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 926-927 (9th Cir. 1988)).* They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos, F.2d at 1362.*

"An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. V. Carlton, 626 F.3d. 462, 469 (9th Cir.2010)* (internal quotation marks omitted).

In support of this Order, the Court makes the following findings based on the evidence submitted by Plaintiff, including Plaintiff's Verified Complaint, supporting declarations and matters subject to judicial notice.

Currently, three groups known as Factions (Lewis, Ayala and Reid) from the Tribe claim to be the Tribe's sole authorized tribal council or governing body of the Tribe, CEDA and CIHA. This internal dispute over the identity of the Tribe's governing body has led to violence and physical confrontations between the competing groups and/or agents or others operating on their behalf. These armed incidents of violence have resulted in injuries, including at least one stabbing, injuries to others requiring hospitalization and damage to property. As a result of the internal disputes and numerous events supported in the record, the Sheriff has been called upon routinely to intercede to keep the peace and to investigate allegations made by the various Factions against each other. Presently at least two of the factions have retained security guards who are armed and who, but for the intercession of the Sheriff now ongoing, appear ready to renew such confrontations should the Sheriff be restricted in his law enforcement activities and duties.

The events supporting this Order include evidence that the confrontations in the past have occurred off the Rancheria ("reservation land") and that confrontations have occurred and are

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

likely to occur in the future given the location of the Tribal Headquarters or compound now occupied by the Ayala Faction which is immediately adjacent to and across the street from the Chukchansi Gold Resort and Casino ("Casino") and a resort hotel which is visited and occupied 24 hours a day by the general public.

In the midst of this conflict, both the Lewis Faction and the Ayala Faction have established tribal courts and appointed attorneys to serve as their "judges", with each Faction claiming their appointed tribal judge sitting in their created tribal court to be the only lawful, authorized tribal court entitled to issue orders. The record is that these competing tribal courts or "tribunals" have issued conflicting orders each recognizing the bodies that appointed them as the Tribe's sole authorized government.

Defendant Duran in his capacity as appointed judge of a tribal court established by the Lewis Faction has issued a temporary restraining order materially impacting and limiting the authority of Plaintiff as Sheriff and has issued a ruling requiring him to file responsive pleadings to the lawsuit filed by the Tribe, CEDA and CIHA as directed by the Lewis Faction. Plaintiff's motion to dismiss for lack of jurisdiction having been denied by Defendant Duran, Plaintiff seeks relief from all orders of Defendant Duran and any obligation to proceed further before him or any other tribal court claiming such entities have no jurisdiction over him. To allow this Court to hear full briefing on this issue by all concerned parties, and irreparable harm being present should an injunction this temporary relief not be provided given the evidence before this Court, this Order follows:

1. This Court by reason of the matters at issue, has jurisdiction pursuant to 28 USC §1331 as Plaintiff's Verified Complaint raises substantial Federal questions and violations of Federal Statutes and Constitutional rights being at issue.

2. THE COURT FINDS that Plaintiff is likely to succeed on the merits. Plaintiff and the public are likely to suffer significant and potentially life threatening irreparable harm in the absence of relief and that the balance of equities tips in Plaintiff's favor given all of the evidence submitted by Plaintiff.

3. The TRO issued by Defendant Duran and the pending litigation in the Lewis

[PROPOSED] ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE
**CASE NO. 3:13-CV-04825-rs**

Faction Tribunal poses an imminent and irreparable threat to public safety thereby as it seeks to limit or control Plaintiff's official duties. This restraining order sought by Plaintiff is in the public interest and necessary to prevent injury and potential death of tribal faction members, as well as potential injury and death to innocent members of the public who venture onto tribal property as patrons of the Tribe's casino and resort and elsewhere. In fact, adherence to the TRO would require the Sheriff to abrogate his duties under the law.

Plaintiff has no adequate remedy at law.

THE COURT FINDS that no bond is necessary.

Accordingly, IT IS HEREBY ORDERED that, pending an order by this Court as to whether a preliminary injunction should issue, Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants (referred to collectively hereinafter as "Defendants") are enjoined from proceeding with the action currently pending before Defendant Duran and filed by the Lewis Faction against the Sheriff, individually and in his official capacity as the Madera County Sheriff. Defendants shall not order, issue, enforce or attempt to enforce any order, judgment, ruling or decree of any kind against Plaintiff or his employees, officers, officials, agents or attorneys. The temporary restraining Order of August 6, 2013, issued by Defendant Duran is stayed and without further force and effect and Plaintiff is relieved from any obligation to file responsive pleadings before the Lewis Faction Tribunal, Defendant Duran, Judge Presiding, and no action against Plaintiff may be taken as a result thereof pending further order of this Court. Defendants are required to advise all agents or persons under their control of the terms of this Order.

Defendants, and each of them, shall be entitled to raise all issues objecting to the relief sought by Plaintiff as the issuance of this Order is made without prejudice to any future rulings by this Court after a hearing as ordered below.

IT IS FURTHER ORDERED that Plaintiff's papers filed in support of his application for a temporary restraining order and a Supplemental Brief on the Issue of Venue, to be filed by Plaintiff no later than 5:00 p.m. on Monday, October 21, 2013 together shall be treated as Plaintiff's moving papers for a preliminary injunction. By stipulation of the parties and upon good

[PROPOSED] ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE
**CASE NO. 3:13-CV-04825-rs**

cause existing therefore, Defendants' Opposition Briefs are due October 25, 2013. Plaintiff's Reply Brief is due November 1, 2013. The hearing on Plaintiff's Request for a Preliminary Injunction is set for November 8, 2013, at 10:00 a.m. All counsel for all Defendants or interested parties desiring to appear at the hearing on November 8, 2013, must appear in person and may not appear telephonically.

    IT IS SO ORDERED.


Dated:_____      _____
                                                   Honorable Richard Seeborg
                                                   United States District Court Judge

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

[PROPOSED] ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE    **CASE NO. 3:13-CV-04825-rs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 18th day of October , 2013, and is available for viewing and downloading to the ECF registered counsel of record, if any, and has also been served by email and mail as listed below.

Robert Rosette, Esq.
rosette@rosettelaw.com

Alex Lozada, Esq.
alozada@rosette.law.com

Les Marston, Esq.
marston1@pacbell.net

David Rapport, Esq.
drapport@pacbell.net

Melanie Daniel, Esq.
mdaniel@tcouncil.com

Donna Howard, Court Clerk
dhoward@Chukchansitribe.net

DATED this 15th day of October, 2013.

        SLOVAK BARON EMPEY MURPHY & PINKEY, LLP

        By: */s/ Thomas Slovak (CASB# 62815)*
            1800 East Tahquitz Canyon Way
            Palm Springs, CA 92262
            Tel: 760-322-2275
            E-mail: sartain@sbemp.com
            Attorneys for Plaintiff

*Slovak Baron Empey Murphy & Pinkney LLP*
*1800 East Tahquitz Canyon Way*
*Palm Springs, CA 92262*

[PROPOSED] ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE    **CASE NO. 3:13-CV-04825-rs**