**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN P. ANDERSON, in his official capacity as the Sheriff of Madera County, and individually,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JACK DURAN, JR., in his purported official capacity as Judge of the Picayune Rancheria of the Chukchansi Indians Tribal Court;<br>DONNA HOWARD, in her purported official capacity as Clerk of the Picayune Rancheria of the Chukchansi Indians Tribal Court;<br>THE PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a federally recognized Indian Tribe;<br>CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY, a wholly owned unincorporated entity of the Picayune Rancheria of the Chukchansi Indians;<br>CHUKCHANSI INDIAN HOUSING AUTHORITY, a wholly owned unincorporated entity of the Picayune Rancheria of the Chukchansi Indians; | CASE NO. 3:13-cv-04825-RS<br><br>[Action filed: October 17, 2013<br>Assigned to: Hon. Richard Seeborg<br>Dept: Courtroom 3]<br><br>**ORDER CONTINUING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE WITH HEARING THEREON TO OCCUR ON MARCH 7, 2014 AND RELATED ORDERS, AS MODIFIED BY THE COURT** |

1

ORDER　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:13-cv-04825-RS

United States District Court
For the Northern District of California

| | |
|---|---|
| 1 | REGGIE LEWIS, in his purported official capacities as chairman of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 2 | |
| 3 | |
| 4 | CHANCE ALBERTA, in his purported official capacities as vice chairman of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 5 | |
| 6 | |
| 7 | |
| 8 | CARL BUSHMAN, in his purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 9 | |
| 10 | |
| 11 | |
| 12 | IRENE WALTZ, in her purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 13 | |
| 14 | |
| 15 | |
| 16 | LYNN CHENOT, in her purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority; |
| 17 | |
| 18 | |
| 19 | DAVID CASTILLO, in his purported official capacities as a council member of the Picayune Rancheria of the Chukchansi Indians; a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority;  and |
| 20 | |
| 21 | |
| 22 | |
| 23 | MELVIN ESPE, in his purported official capacities as a council member of the Picayune Rancheria of the Chukchansi  Indians, a representative of the Chukchansi Economic Development Authority; and a representative of the Chukchansi Indian Housing Authority. |
| 24 | |
| 25 | |
| 26 | |
| | Defendants. |
| 27 | |
| 28 | |

On November 22, 2013, a hearing was held regarding Plaintiff's Application for a Preliminary Injunction at which time all parties were represented by counsel of record.

The Court was advised of the dismissal without prejudice of the Tribal Lawsuit filed by the Lewis Faction which resulted in discussions, stipulations and orders being issued by the Court. Counsel were directed to prepare a written stipulation consistent with those stipulations accepted by the Court at the hearing and to confirm other rulings by the Court regarding a continued hearing, a required status report, and filing deadlines, which stipulation has now been received the Court.

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

1. The earlier presented stipulations to the court are hereby confirmed and made an Order of the Court, except as modified herein.

2. This Court's Order Granting Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, as Modified By The Court ("TRO"), issued on October 21, 2013 is to remain in full force and effect through and to the hearing on Plaintiff's request as now continued to Friday, March 7, 2014 at 10:00 a.m. in Courtroom 3. Defendants are required to advise all agents or persons under their control of the extension of the TRO that remains in effect. Accordingly, the hearing date earlier set for January 27, 2014, is hereby vacated.

3. Defendants are required to file their responsive pleadings including any motions to dismiss on or before January 21, 2014, complying with all Federal and Court rules regarding same, with the hearing date for all such motions to dismiss or any other motions filed to be heard on March 7, 2014 at 10:00 a.m. in Courtroom 3.

4. Counsel for the Parties are directed to prepare and file on or before January 10, 2014, a joint statement providing to this Court an update on all matters and specifically whether or not the Court needs to be prepared to make further rulings on March 7, 2014.

5. All counsel for all Defendants or interested Parties desiring to appear at the hearing on March 7, 2014, must appear in person and may not appear telephonically.

Dated: 12/9/13

_____
Honorable Richard Seeborg
United States District Court Judge